UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE: APPLICATION TO FILE BY         M.B.D. No. 12-91278-DPW
ENJOINED LITIGANT DAVID KOPLOW

MEMORANDUM AND ORDER

Plaintiff David Koplow ("Koplow") has been found by several judges of this Court to be a vexatious litigant.  See Koplow v. Dana, No. 01-10868-DPW, 2003 U.S. Dist. LEXIS 4874, at *3 (D. Mass. Mar. 13, 2003); Koplow v. Watson, et al., No. 10-10474-JLT (Nov. 17, 2010).  As a result, he has been enjoined from filing civil actions in this Court without first obtaining permission from a judicial officer.

Now before the Court is Koplow's request to file a civil action against Traveler Storage, LLC, doing business as Planet Self Storage in Boston, Massachusetts.  See Docket No. 1. Koplow's request is accompanied by a Complaint, a Motion for Leave to Proceed In Forma Pauperis, and a Motion for Temporary Restraining Order.  See Docket.

Plaintiff complains that the defendant has engaged in deceptive trade practices and violated the Clayton Act, 15 U.S.C. § 15.  As best can be gleaned from the pleadings and accompanying exhibits, Koplow entered a storage agreement with the defendant in April 2012.  Koplow is homeless and resides at the Boston Public Health Commission's Long Island Homeless Shelter.  He uses the storage unit to keep his belongings and visits the storage

daily. By letter dated July 31, 2012, the defendant advised Koplow that they were terminating the rental agreement effective September 6, 2012. Koplow was advised to make arrangements to remove his property from the premises before close of business on September 6, 2012. The Court's records indicate that Koplow unsuccessfully sought relief in federal court earlier this year when another storage company terminated his storage agreement. See Koplow v. Extra Space Management, Inc., M.B.D. No. 12-91073-DJC.

After a careful review of the pleadings, the Court concludes that it is without jurisdiction over Koplow's claims. This Court does not have diversity jurisdiction and the Complaint fails to state a claim under federal law. To the extent Koplow seeks to bring an action pursuant to the Clayton Act, the complaint does not refer to any antitrust injury or any arguable antitrust violation, and therefore fails to state a plausible claim. See e.g. Tamburo v. Dworkin, 601 F.3d 693, 699-700 (7th Cir. 2010) (depending on the nature of the antitrust claim, complaint must plausibly plead existence of an antitrust injury). Here, Koplow does not allege facts suggesting that his claimed injuries are the type of injuries the antitrust laws were intended to prevent. There is thus no federal jurisdiction.

Although Koplow may wish to pursue a claim for deceptive trade practices under state law, he cannot do so in this Court.

Under 28 U.S.C. § 1367, "district courts may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c). Thus, if Koplow was permitted to file his complaint, the Court would dismiss the federal antitrust claim and decline to exercise pendent jurisdiction over any state law claims.

Accordingly, for the reasons stated above, it is hereby

ORDERED, the request (#1) to file a new civil action is DENIED; and it is further

ORDERED, the clerk is directed to terminate this matter.
SO ORDERED.


| September 5, 2012 | /s/ Douglas P. Woodlock |
|---|---|
| DATE | DOUGLAS P. WOODLOCK |
| | UNITED STATES DISTRICT JUDGE |